**MARK E. COHEN, ESQ.**
ATTORNEY FOR SECURED CREDITOR
BANK OF AMERICA, N.A.
108-18 QUEENS BOULEVARD
4TH FLOOR, SUITE 3
FOREST HILLS, NEW YORK 11375
TELEPHONE (718) 258-1500

MOTION DATE: FEBRUARY 13, 2019
MOTION TIME: 10:00AM

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                     Case No. 18-23379-rdd

JENNIFERT RAMIREZ,                         Chapter 13

      Debtor.
--------------------------------------------------------X

## OPPOSITION TO DEBTOR'S MOTION TO BIFURCATE CLAIM #7

**Bank of America, N.A.,** secured creditor in the above-entitled Bankruptcy proceeding, its assignees and/or successors in interest (hereinafter "Secured Creditor"), holds the senior lien on the subject property generally described as **213 Surf Drive, Unit 131, Bronx, New York 10473** (hereinafter "Subject Property")**,** and hereby submits the following objection to Debtor's Motion to Bifurcate Claim #7 (hereinafter "Motion"):

### I. STATEMENT OF FACTS

1. Secured Creditor is the current payee of a Promissory Note dated February 18, 2011 in the original principal amount of $377,740.00 ("Note" herein) that was executed by Koralys Montilla and Rafael Montilla. The Note is secured by a First Deed of Trust ("Deed of Trust" herein) upon real property generally described as 213 Surf Drive, Unit 131, Bronx, New York, 10473 and legally described as set forth in the Deed of Trust ("Property" herein) that listed Koralys Montilla and Raphael Montilla as the legal owners. Secured Creditor filed a secured proof of claim in the sum of $415,168.78. Secured Creditor filed its Proof of Claim on November 15, 2018 and it is Claim #7 on the register of this Chapter 13 case and is attached hereto as **Exhibit "1"**.

2. Jennifert Ramirez (hereinafter "Debtor") filed her Voluntary Chapter 13 Petition with

this Court on or about September 6, 2018.

3. The Debtor alleges that the Deed was transferred based on outstanding common charges. The Transfer appears to have occurred on August 31, 2018, six days prior to the filing of the case. There is no evidence that the original borrowers no longer reside in the property. There is no evidence as to the intended use of the property.

4. Debtor's Motion alleges that the property has a current fair market value of $225,000.00 based on an appraisal dated October 31, 2018. The property comparisons used in this appraisal are 18 years older than the subject property. Debtor's Motion to Value further attempts to bifurcate the claim into secured and unsecured claims.

### I. THE DEBTOR HAS NO PRIVITY OF CONTRACT WITH SECURED CREDITOR AND THUS NO STANDING TO AVOID THE LIEN.

5. The Debtor appears to have obtained title a few days prior to filing for bankruptcy relief. There is no privity of contract with Secured Creditor and the Debtor does not appear to be acting in good faith. Debtor lists rental income of $800, however the source of the rent is not stated. It may be that the original borrowers still reside in the property and the transfer is part of a scheme to bifurcate the lien which would not otherwise be subject to modification.

6. It is inherent in a Chapter 13 bankruptcy proceeding that there be a debtor-creditor relationship. Ulster Sav. Bank v. Kizelnik (In re Kizelnik), 190 B.R. 171 (SDNY, 1995). To that extent, it has long been the position of this Court that a Chapter 13 Plan will be rejected where the effect of the plan is that the mortgagee be required to allow a party, other than the original mortgagor, to pay, cure or otherwise satisfy the debt. Id. In rendering the decision in Kizelnik, the Court ruled that there was no basis to extend to the debtor standing under which the mortgagee's rights could be affected.

7. In denying the debtor in this Chapter 13 case, the Court ruled that the debtor did not have standing to block the rights of the secured creditor as mortgagee.

> There is nothing in common sense, the contract documents or commercial
> law to support the proposition that the rights and remedies of a secured creditor

can be blocked by the voluntary intervention of a new obligor who assumes the defaulting mortgagors' indebtedness, much less one who undertakes no liability whatever for that indebtedness or any deficiency.

8. Extending this theory to this case, the debtor's motion which seeks to modify the Secured Creditor's rights under its mortgage secured by the Subject Property must be denied. Whereas the debtor's motion relies upon 11 U.S.C. §506(a) and thereupon to make payment under 11 U.S.C. §1325, that presupposes that there is a debtor-creditor relationship between the parties. There having never been any privity of contract by and between the debtor and the Secured Creditor, the debtor's argument must fail as Section 506(a) is predicated upon the creditor being the creditor of the debtor. Upon there being no debtor-creditor relationship, the lien of the Secured Creditor is not "a claim against the debtor" as set forth in Section 506(d). Therefore, the Debtor should not have the standing and ability to treat or cramdown Secured Creditor's mortgage lien. As such, this motion should be denied.

## II. IF THE LIEN CAN BE TREATED, SECURED CREDITOR REQUESTS ACCESS TO THE PROPERTY SO THAT AN APPRAISAL CAN BE OBTAINED

9. Further in opposition, Secured Creditor contends that the fair market value of the Subject Property is higher than the amount Debtor has stated. Secured Creditor respectfully requests that Debtor's Motion be denied, or in the alternative that the Secured Creditor be granted access to the Subject Property to conduct its own appraisal with the Debtor be directed to tender such evidence as to the intended use of the property, and which should include a copy of any rental agreement.

## III. CONCLUSION

WHEREFORE, the Secured Creditor respectfully prays for an order denying the Debtor's Motion to Bifurcate Claim #7 be denied in all respects, together with such other and further relief

3

as this Court deems appropriate.

Dated: Forest Hills, New York
February 1, 2019

**MARK E. COHEN, ESQ.**
By: */s/ Mark E. Cohen, Esq.*
Attorney for Secured Creditor
Bank of America, N.A.
108-18 Queens Boulevard
4th Floor, Suite 3
Forest Hills, New York 11375
Telephone (718) 258-1500
Our File No. FHAC.241-6991.NF

# **CERTIFICATE OF SERVICE**

I, Mark E. Cohen, Esq., certify under penalty of perjury that I am not a party to this action, am over 18 years of age.

That on February 1, 2019 I served the OPPOSITION TO DEBTOR'S MOTION TO BIFURCATE CLAIM #7 with exhibits by the Court's electronic filing system and regular U.S. Mail to the addresses listed below, said addresses designated for that purpose as follows:

TO:     **Chapter 13 Debtor**: Jennifert Ramirez, 245 East 180 5B, Mohegan Lake, NY 10547

        **Debtor's Counsel**: Joshua N. Bleichman, Esq., Bleichman & Klein, 117 South Main Street, Route 45 South, Spring Valley, NY 10977

        **Chapter 13 Trustee**: Krista M. Preuss, Chapter 13 Standing Trustee, 399 Knollwood Road, White Plains, NY 10603

        **United States Trustee**: Office of the United States Trustee, U.S. Federal Office Building, 201 Varick Street, Room 1006, New York, NY 10014

Dated: Forest Hills, New York
       February 1, 2019                         **MARK E. COHEN, ESQ.**
                                                  By: */s/ Mark E. Cohen, Esq.*
                                                    Attorney for Secured Creditor
                                                    Bank of America, N.A.
                                                    108-18 Queens Boulevard
                                                    4th Floor, Suite 3
                                                    Forest Hills, New York 11375
                                                    Telephone (718) 258-1500
                                                    Our File No. FHAC.241-6991.NF

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------------------------------------

In re:                                          Case No. 18-23379-rdd

JENNIFERT RAMIREZ,                              CHAPTER 13

    Debtor.

-------------------------------------------------------------------------------------------------------------

# OPPOSITION TO DEBTOR'S MOTION TO BIFURCATE CLAIM #7

-------------------------------------------------------------------------------------------------------------

*MARK E. COHEN, ESQ.*
*Attorney for Secured Creditor*
*Bank of America, N.A.*
*108-18 Queens Boulevard*
*4th Floor, Suite 3*
*Forest Hills, New York 11375*
*Telephone: (718) 258-1500*
*Facsimile: (718) 793-1627*

-------------------------------------------------------------------------------------------------------------